Case 1:19-cv-03265-SMJ    ECF No. 14    filed 06/19/20    PageID.714    Page 1 of 17

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 19, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE. M. A,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | No.   1:19-cv-03265-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Danielle M. A. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income (SSI) benefits. She alleges the ALJ (1) improperly evaluated the opinions of two medical providers and (2) erred in discounting Plaintiff's own subjective symptom testimony. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. Having reviewed the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds the ALJ erred in evaluating the opinion evidence of one of Plaintiff's providers, and also erred in evaluating Plaintiff's symptom testimony.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 1

Although these errors invalidated the ALJ's conclusion that Plaintiff did not qualify for benefits, Plaintiff's entitlement is not clear from the face of the record. Accordingly, the Court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands for further proceedings.

## BACKGROUND[1]

Plaintiff applied for benefits on September 23, 2016, alleging disability with an onset date of December 1, 2012. AR 213–220.[2] The Commissioner denied Plaintiff's application on October 28, 2016, *see* AR 124–32, and denied it again on reconsideration, *see* AR 135–48. At Plaintiff's request, a hearing was held before ALJ Caroline Siderius. AR 34–63. The ALJ denied Plaintiff benefits on October 30, 2018. AR 12–33. The Appeals Council denied Plaintiff's request for review on September 13, 2019. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. § 405(g). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual

functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

//

# ALJ FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

At step two, the ALJ found that Plaintiff had two medically determinable severe impairments: anxiety and depression. *Id.* The ALJ found Plaintiff's physical impairments, including liver problems; polycystic ovary syndrome with ovarian cysts; gastroesophageal reflux disease; and hypothyroidism were not severe impairments. AR 19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 19.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform a restricted range of work at all exertional levels "but is limited to simple, routine, and repetitive tasks with no detailed work" and that she should have no more than "superficial, brief contact with the general public and coworkers" and "is capable of only ordinary production requirements." AR 20.

In reaching this determination, the ALJ gave great weight to the opinions of Rose Roberson, MSS, LMHC. AR 24–25. The ALJ gave significant weight to the opinion of state agency medical consultant Matthew Comrie, Psy.D. AR 25. The ALJ gave some weight to the opinions of Jennifer Schultz, Ph.D. AR 24–25. The

1   ALJ gave little weight to the opinions of David Bauman, Psy.D. *Id.* at 23–24. The

2   ALJ gave no weight to the "WorkFirst excuses" of Maria Verduzco, M.D. AR 25.

3         At step five, the ALJ found Plaintiff could perform past relevant work as a

4   produce sorter, or could perform work as a preparation cook, laundry worker, or

5   marking clerk, each of which existed in substantial number in the national economy.

6   AR 26–27.

## STANDARD OF REVIEW

8         The Court must uphold an ALJ's determination that a claimant is not disabled

9   if the ALJ applied the proper legal standards and there is substantial evidence in the

10  record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674

11  F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th

12  Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable

13  mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting

14  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This

15  must be more than a mere scintilla but may be less than a preponderance. *Id.*

16  at 1110–11 (citation omitted). If the evidence supports more than one rational

17  interpretation, the Court must uphold an ALJ's decision if it is supported by

18  inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577,

19  579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors

20  committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v.*

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.  The ALJ did not err in evaluating the medical opinion of Dr. Bauman, but erred in evaluating the medical opinion evidence of Dr. Schultz**

Plaintiff contends the ALJ erred in attributing reduced weight to the opinions of Dr. David Bauman, Psy.D. and Dr. Jennifer Schultz, Ph.D. ECF No. 11 at 18–21. The Commissioner argues the ALJ's evaluation of these opinions was proper. ECF No. 12 at 4–19.

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (alteration in original) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists

concerning matters relating to their specialty over that of nonspecialists." *Id.* (internal citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31). But the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

### 1.     David Bauman, Psy.D.

Plaintiff first argues the ALJ's reasons for assigning reduced weight to the opinions of Dr. David Bauman, Psy.D. were legally insufficient. AR 18–20. Because Dr. Bauman's opinions were contradicted by others in the medical record, *see* AR 23, 25, the ALJ was required to provide specific and legitimate reasons for assigning his opinions reduced weight. *Bayliss*, 427 F.3d at 1216. The ALJ did so for several reasons, none of which the Court finds amounted to legal error warranting reversal.

First, the ALJ determined Dr. Bauman's opinions were both inadequately explained and inconsistent with Dr. Bauman's own notes from Plaintiff's visits. *See* AR 23–24 (citing AR 444–52). Specifically, the ALJ found that Dr. Bauman's notes from Plaintiff's visits generally reflected only mild to moderate symptoms incompatible with the severity of his disability assessments. *Id.* at 24. Plaintiff appears to concede Dr. Bauman's visit notes reflect significantly less limitation than his opinions of Plaintiff's functional capacity, but argues this was because his visit notes reflected Plaintiff "at her *medical appointments*," and not under circumstances Plaintiff would encounter in the work environment, which "adds additional stress on any person." ECF No. 11 at 19. Though Plaintiff contends this was not a specific and legitimate reason to reject Dr. Bauman's opinion, she offers no legal authority in support of this argument. *See id.* Inconsistency between a doctor's opinions concerning disability and his or her clinical observations is a specific and legitimate reason to assign those opinions reduced weight, and thus the ALJ did not err in this regard. *Bayliss*, 427 F.3d at 1216.

The ALJ also found Dr. Bauman's opinions were inadequately explained. Indeed, Dr. Bauman's formal opinions concerning Plaintiff's limitations were memorialized without explanation on a checkbox-style form apparently provided by Plaintiff's attorney; despite dedicated space on the form provided for the physician's "comments," Dr. Bauman provided no narrative support for his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 9

opinions that Plaintiff was seriously limited in her functional capacity. *See* AR 447, 452. Although the ALJ would have erred by rejecting Dr. Bauman's opinions "merely for being expressed" on a check-the-box questionnaire, the fact that those opinions lacked any justification was a sufficient reason to reject them. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); citing *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017)) ("[T]he ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions."). Particularly when viewed in light of the incongruity between Dr. Bauman's severe assessments of Plaintiff's functioning and his impression of her demeanor and capacity during office visits, the Court finds the ALJ articulated a specific and legitimate reason to assign his opinion reduced weight. Because the Court determines the ALJ was justified in this regard, it need not address the sufficiency—or lack thereof—of the ALJ's conclusions that Dr. Bauman was "trying to be as supportive as possible to his patient." *See* AR 24.

　　2.　　**Jenifer Schultz, Ph.D.**

Plaintiff next contends the ALJ erred in assigning reduced weight to the opinions of Jenifer Schultz, Ph.D., specifically Dr. Schultz's opinion that Plaintiff would struggle to interact successfully with supervisors. ECF No. 11 at 20–21. The ALJ found Dr. Schultz's opinions were based entirely on Plaintiff's "subjective

statements as to what she can do," and thus, despite Dr. Schultz's knowledge of the regulations governing Plaintiff's application, were entitled to only some weight. AR 25 (citing AR 453–59). Plaintiff argues this was error because Plaintiff's alleged psychiatric limitations are not susceptible to laboratory testing or objective observation in the same manner as a physical impairment. ECF No. 11 at 20–21 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)).

The Court agrees. While true that Dr. Schultz's opinions were based solely on an interview with Plaintiff, neither the ALJ nor the Commissioner explain how this was an insufficient basis for those opinions. *See Buck*, 869 F.3d at 1049 (citing *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)) ("Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry."). Dr. Schultz's report and opinions drew on both Plaintiff's self-reported symptoms and clinical observations of Plaintiff's mood, affect, and performance on tests of her cognition. *See* AR 455–56. Accordingly, the ALJ erred in rejecting Dr. Schultz's opinions as unfounded. Because this appears to have been the only basis on which the ALJ assigned those opinions less than full weight, the Court cannot conclude the error was harmless, and on remand the ALJ is directed to reevaluate the significance of those opinions. *See* AR 25; *Molina*, 674 F.3d at 1111.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 11

**B.     The ALJ erred in evaluating Plaintiff's subjective symptom testimony**

Plaintiff also contends the ALJ erred in discounting Plaintiff's own subjective symptom testimony. ECF No. 11 at 10–18. Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of her symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ rejected Plaintiff's symptom testimony for several reasons. First, the ALJ noted Plaintiff's testimony was inconsistent with her self-reported activities of daily living. AR 22–23. In this regard the ALJ gave particular weight to Plaintiff's caretaking role for her two children, with which Plaintiff testified she required no outside assistance. AR 22 (citing AR 431). The ALJ observed that

Plaintiff reported "running after" a child and that she maintained a routine in caring for them. *Id.* (citing AR 402–03, 410, 522). The ALJ also noted Plaintiff managed household chores like cleaning and laundry, enjoyed cooking and baking, hosted a birthday party for her children and held a yard sale, and sustained a romantic relationship, including "dating activities" with a longtime significant other. AR 23 (citing AR 431, 453–56, 522, 541, 551, 558, 567). "These activities of daily living," the ALJ concluded, "demonstrate at least a moderately active person, with relatively good memory and concentration skills, not consistent with her testimony and claims" to her medical providers that she "is very limited by her symptoms, does not always finish tasks or do them in a timely manner, and is too anxious at times to leave the house." AR 23–24.

"The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Ninth Circuit has recognized that the "failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).

Having reviewed the record, the Court cannot find justifiable the ALJ's conclusion that Plaintiff's activities of daily living were incompatible with the nature or severity of her alleged symptoms; indeed, the Court is left to wonder whether the ALJ would have awarded benefits on anything less than testimony that Plaintiff was "utterly incapacitated" by her impairments. *See Fair*, 885 F.2d at 603 ("[A]ll the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). In short, Plaintiff's ability to maintain her household, provide necessary care for her children, and sustain an interpersonal relationship with a longtime significant other are not inconsistent with the level of disability Plaintiff alleged owing to her mental health struggles. Nor can the Court conclude Plaintiff's activities of daily living involved skills or abilities transferrable to the demands of the workplace. *See Fair*, 885 F.2d at 603. As such, this was not a clear and convincing basis on which to reject Plaintiff's symptom testimony. *Burrell*, 775 F.3d at 1137. Because the ALJ evidently put significant weight behind this conclusion in denying Plaintiff's claim, the Court is unable to find this error harmless, and remand is necessary. *Molina*, 674 F.3d at 1111.

The ALJ also noted Plaintiff had sought employment during the period of alleged disability, "indicating she herself believes she is capable of working." AR 23. An ALJ is justified in concluding a claimant's search for work undermines her testimony that disability precludes her from maintaining gainful employment.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 14

*See Bray*, 554 F.3d at 1227. Because the Court is prohibited from substituting its judgment for that of the ALJ where the ALJ's conclusions are supported by the record, the Court declines to disturb the ALJ's conclusion in this regard. *Molina*, 674 F.3d at 1110–11. Nevertheless, on remand the ALJ shall perform a holistic review of the record and, after revisiting the erroneous conclusions described above, evaluate the credibility of Plaintiff's symptom testimony.

 Lastly, the ALJ concluded Plaintiff's testimony concerning the severity of her psychiatric symptoms was belied by the longitudinal medical record. AR 23. For three reasons, the ALJ is directed to revisit this conclusion on remand. First, the ALJ's discussion of those medical records she found inconsistent with Plaintiff's symptom testimony was silent as to the potential impact of Dr. Schultz's conclusions on the ALJ's finding, likely because the ALJ assigned those opinions less than full weight. AR 23–24. As set out above, the Court finds that decision was error, and thus on remand the ALJ shall reevaluate the import of Dr. Schultz's opinions in assessing Plaintiff's credibility. Second, and relatedly, the ALJ's conclusion appears to have been at least partially linked to the ALJ's evaluation of Plaintiff's activities of daily living, and thus the ALJ's conclusions on this point may similarly differ when revisited on remand. AR 22–23. Finally, an ALJ may not reject a claimant's symptom testimony merely because that testimony is not corroborated by the objective medical record, particularly where the alleged

symptoms are not susceptible to clinical observation like pain or, as here, psychiatric impairments. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997), *as amended on reh'g* (Sept. 17, 1997). The ALJ must also either find the claimant lacks credibility generally or identify "conflicts between his testimony and his own conduct, or . . . internal contradictions in that testimony." *Id.* Thus, on remand the ALJ shall reconsider Plaintiff's symptom testimony and, if she chooses to reject all or portions of it, shall provide "adequate findings" to support that choice. *Id.*

C.     **Remand, rather than an award of benefits, is appropriate**

In light of the errors identified above, further proceedings are clearly necessary. Though there is certainly substantial evidence to support Plaintiff's entitlement to benefits, that conclusion is not "clear from the record." *Garrison*, 759 F.3d at 1019. Accordingly, the Court remands this matter to the ALJ for further proceedings consistent with this Order, rather than simply awarding benefits.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**3.** The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge